IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN GARCIA, AS NEXT FRIEND AND FATHER OF C.M.G., A MINOR,<br><br>PLAINTIFF,<br><br>v.<br><br>GULF COAST BUILDING PRODUCTS, INC.; ANTON HERBST,<br><br>DEFENDANTS. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff John Garcia, as next friend and father of C.M.G., a minor, files this Complaint against Defendants Gulf Coast Building Products, Inc. and Anton Herbst as follows:

### THE PARTIES

1. Plaintiff John Garcia is an adult resident and citizen of the State of Alabama and is the natural father of C.M.G., a minor.

2. C.M.G., a minor, is a resident and citizen of the State of Alabama and is the biological child of Plaintiff John Garcia.

3. Defendant Gulf Coast Building Products, Inc. is a foreign corporation that maintains its principal place of business in and is a citizen of Pensacola, Florida, regularly conducts business in the State of Alabama, and at all relevant times was the employer of Defendant Anton Herbst.

4. Defendant Anton Herbst is a resident and citizen of the State of Florida and at all relevant times was employed as a commercial driver by Defendant Gulf Coast Building Products, Inc.

## JURISDICTION

5. Complete diversity exists between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00, such that federal jurisdiction exists under 28 U.S.C. § 1332.

## VENUE

6. The motor vehicle collision described herein, during which C.M.G., a minor, sustained bodily injuries and his biological mother, Kimberly Marie Garcia, perished, occurred in Mobile County, Alabama such that venue is proper in this Court.

## GENERAL ALLEGATIONS

7. On December 12, 2023, Kimberly Marie Garcia drove, while her minor child Plaintiff C.M.G. rode along as a passenger in, her 2011 Toyota Corolla northbound on Newman Road between the intersections of Lakefront Road and Chelle Way in Mobile County, Alabama. At the same time, Defendant Anton Herbst, while in the line and scope of his employment as a commercial driver by Defendant Gulf Coast Building Products, Inc., drove a 2014 KW T370 truck owned by Defendant Gulf Coast Building Products, Inc. southbound on Newman Road when he suddenly crossed the center line and entered the northbound lanes of travel in

front of oncoming traffic. Defendant Anton Herbst caused the truck to collide with the front end of Kimberly Marie Garcia's Corolla.

8. Plaintiff C.M.G. sustained personal injuries and Kimberly Marie Garcia sustained fatal injuries during the collision.

## COUNT ONE
## NEGLIGENCE
## DEFENDANT ANTON HERBST

9. The foregoing paragraphs are incorporated as if completely and fully set out herein.

10. Defendant Anton Herbst negligently operated the vehicle he drove and violated his duty to C.M.G. (and others, including Kimberly Marie Garcia) to operate the vehicle safely on public highways.

11. Defendant Anton Herbst's conduct violated the Alabama Rules of the Road Act as more specifically stated above and caused the collision. Defendant Anton Herbst left his lane of travel without ensuring it was safe to do so, crossed the center line, and entered the lane of travel in front of oncoming traffic, creating an obstruction in the roadway, which caused the collision. As a proximate result of these breaches of duty, Plaintiff C.M.G. sustained personal injuries and Kimberly Marie Garcia sustained fatal injuries during the collision.

WHEREFORE, the Plaintiffs demand judgment against Defendant Anton Herbst in an amount to be determined by a struck jury for compensatory damages and costs.

### COUNT TWO
### WANTONNESS
### DEFENDANT ANTON HERBST

12. The foregoing paragraphs are incorporated as if completely and fully set out herein.

13. Defendant Anton Herbst negligently operated the vehicle he drove and violated his duty to C.M.G. (and others, including Kimberly Marie Garcia) to operate the vehicle safely on public highways.

14. Defendant Anton Herbst's conduct violated the Alabama Rules of the Road Act as more specifically stated above and caused the collision. Defendant Anton Herbst left his lane of travel without ensuring it was safe to do so, crossed the center line, and entered the lane of travel in front of oncoming traffic, creating an obstruction in the roadway, which caused the collision. As a proximate result of these breaches of duty, Plaintiff C.M.G. sustained personal injuries and Kimberly Marie Garcia sustained fatal injuries during the collision.

WHEREFORE, the Plaintiffs demand judgment against Defendant Anton Herbst in an amount to be determined by a struck jury for compensatory and punitive damages and costs.

## COUNT THREE
## AGENCY
## GULF COAST BUILDING PRODUCTS, INC.

15.     The foregoing paragraphs are incorporated as if completely and fully set out herein.

16.     On or about December 12, 2023, Defendant Anton Herbst, acting as an agent of Defendant Gulf Coast Building Products, Inc., negligently and/or wantonly operated the vehicle he drove and collided head-on into the vehicle occupied by Plaintiff C.M.G. and Kimberly Maria Garcia, deceased, as more fully described above.

17.     Defendant Anton Herbst, acting as an agent for Defendant Gulf Coast Building Products, Inc., committed acts of negligence and/or wantonness and violated the Alabama Rules of the Road Act when he left his lane of travel without ensuring it was safe to do so, crossed the center line, and entered the lane of travel in front of oncoming traffic, creating an obstruction in the roadway, which caused the collision

18.     As a proximate result of Defendant Anton Herbst's conduct, which occurred while acting as an agent of Defendant Gulf Coast Building Products, Inc., Plaintiff C.M.G. sustained personal injuries and Kimberly Marie Garcia sustained fatal injuries during the collision

WHEREFORE, the Plaintiffs demand judgment against Defendant Anton Herbst in an amount to be determined by a struck jury for compensatory and punitive damages and costs.

## COUNT FOUR
## RESPONDEAT SUPERIOR
## GULF COAST BUILDING PRODUCTS, INC.

19. The foregoing paragraphs are incorporated as if completely and fully set out herein.

20. On or about December 12, 2023, Defendant Anton Herbst, acting as an agent of Defendant Gulf Coast Building Products, Inc., negligently and/or wantonly operated the vehicle he drove and collided head-on into the vehicle occupied by Plaintiff C.M.G. and Kimberly Maria Garcia, deceased, as more fully described above.

21. Defendant Anton Herbst, acting as an agent for Defendant Gulf Coast Building Products, Inc., committed acts of negligence and/or wantonness and violated the Alabama Rules of the Road Act when he left his lane of travel without ensuring it was safe to do so, crossed the center line, and entered the lane of travel in front of oncoming traffic, creating an obstruction in the roadway, which caused the collision.

22. As a proximate result of Defendant Anton Herbst's conduct, which occurred while acting as an agent of Defendant Gulf Coast Building Products, Inc.,

Plaintiff C.M.G. sustained personal injuries and Kimberly Marie Garcia sustained fatal injuries during the collision.

WHEREFORE, the Plaintiffs demand judgment against Defendant Gulf Coast Building Products, Inc. in an amount to be determined by a struck jury for compensatory and punitive damages and costs.

## COUNT FIVE
## NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION
## GULF COAST BUILDING PRODUCTS, INC.

23. The foregoing paragraphs are incorporated as if completely and fully set out herein.

24. On December 12, 2023, Defendant Anton Herbst was an agent and/or employee of Defendant Gulf Coast Building Products, Inc.

25. Defendant Gulf Coast Building Products, Inc. had a duty to use reasonable care to hire, train, and supervise Defendant Anton Herbst.

26. Defendant Gulf Coast Building Products, Inc. failed to use reasonable care in the hiring, training, and/or supervision of its driver, Anton Herbst.

27. Defendant Gulf Coast Building Products, Inc. knew, or in the exercise of reasonable care should have known, that Defendant Anton Herbst was incompetent and had reason to believe that undue risk of harm existed to others as a result of the continued employment of Defendant Anton Herbst.

28. Defendant Gulf Coast Building Products, Inc. negligently,

intentionally, recklessly, and/or wantonly, employed or hired, supervised, monitored, trained, investigated, and/or retained as an agent, servant, or employee Defendant Anton Herbst.

29. Defendant Anton Herbst, committed negligent, intentional, reckless, and/or wanton acts while acting within the line and scope of his agency, service, and/or employment with Defendant Gulf Coast Building Products, Inc.

30. Plaintiff C.M.G.'s injuries were caused by Defendant Gulf Coast Building Products, Inc.'s negligent and/or wanton hiring, training, and/or supervision of Defendant Anton Herbst.

WHEREFORE, Plaintiffs request that judgment be entered against Defendant Gulf Coast Building Products, Inc. for compensatory damages, punitive damages, and costs of court.

## COUNT SIX
## NEGLIGENT ENTRUSTMENT
## GULF COAST BUILDING PRODUCTS, INC.

31. The foregoing paragraphs are incorporated as if completely and fully set out herein.

32. On or before December 12, 2023, Defendant Gulf Coast Building Products, Inc. negligently and/or wantonly entrusted a 2014 KW T370 truck to Defendant Anton Herbst.

33. Defendant Gulf Coast Building Products, Inc. knew, or in the exercise of reasonable care, should have known, that Defendant Anton Herbst was a

dangerous, reckless, heedless, indifferent, and/or incompetent driver.

34. As a proximate cause of Defendant Gulf Coast Building Products, Inc.'s negligent and/or wanton entrustment, a head-on collision occurred in Mobile County, Alabama, as more specifically described above. The Plaintiff C.M.G.'s injuries were caused by the collision.

WHEREFORE, Plaintiffs request that judgment be entered against Defendant Gulf Coast Building Products, Inc. for compensatory damages, punitive damages, and costs of court.

RESPECTFULLY SUBMITTED on October 24, 2024.

**WARREN & SIMPSON, PC**

/s/*Derek W. Simpson*
Derek W. Simpson
Warren & Simpson, PC
105 North Side Square
Huntsville AL 35801
(256) 539-7575
(256) 539-9335 FAX
derek@warrenandsimpson.com
Attorneys for Plaintiff

The Plaintiffs respectfully request a trial by jury.

**WARREN & SIMPSON, PC**

/s/*Derek W. Simpson*
Derek W. Simpson