IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN GARCIA, *as Next Friend and Father of C.M.G., a minor*,<br>    Plaintiff,<br><br>v.<br><br>GULF COAST BUILDING PRODUCTS, INC. *and*<br>ANTON HERBST,<br>    Defendants. | CIVIL ACTION NO. 1:24-00395-JB-N |

## ORDER

This civil action is before the Court *sua sponte* on review of its subject-matter jurisdiction.[1] Upon due consideration, the Plaintiff will be ordered to file an amended complaint to correct defects in its jurisdictional allegations, as well as a disclosure statement.

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

    Generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

## I.    Subject-Matter Jurisdiction

"A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). The complaint (Doc. 1) alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction.

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g., Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is

upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2] Additionally, "[i]n order to invoke a federal court's diversity jurisdiction, a plaintiff must claim … that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…")).

Having considered the complaint (Doc. 1), the undersigned identifies the following deficiency in the Plaintiff's allegations supporting diversity jurisdiction:[3]

- Subject to inapplicable exceptions, for purposes of diversity jurisdiction a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). The complaint alleges the

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[3] The complaint sufficiently alleges the citizenship of the natural person defendant, alleging that he is a citizen of Florida. *See* (Doc. 1 ¶ 4, PageID.2); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). The complaint also sufficiently alleges the Plaintiff's citizenship, alleging that the minor for whom he is suing as a legal representative is a citizen of Alabama. See (Doc. 1 ¶ 2, PageID.1); 28 U.S.C. § 1332(c)(2). Finally, the complaint's allegations sufficiently indicate that § 1332(a)'s jurisdictional minimum amount in controversy is satisfied.

location of Defendant Gulf Coast Building Products, Inc.'s principal place of business (Pensacola, Florida), but it does not allege the state(s) and/or foreign state(s) by which it has been incorporated. (*See* Doc. 1 ¶ 3, PageID.1). Accordingly, the Plaintiff must amend his complaint to expressly allege "every State and foreign state by which [Gulf Coast Building] has been incorporated…"[4]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon due consideration, the Plaintiff is **ORDERED** to file, no later than **NOVEMBER 4, 2024**, an amended complaint that corrects the above-noted deficiency in his allegations supporting diversity jurisdiction under § 1332(a), or that alleges some other basis for subject-matter jurisdiction. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint, which will become the operative complaint in this action,[5] "must reproduce the entire pleading as amended and may not

---

[4] The Plaintiff's allegation that Gulf Coast Building "is a foreign corporation" is insufficient to meet the Plaintiff's burden to affirmatively allege facts assuring the Court of that defendant's citizenship.

[5] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215

    incorporate any prior pleading by reference[,]" *see* S.D. Ala. CivLR 15(a); and

- the Plaintiff must file the amended complaint as a freestanding pleading and <u>not</u> as an exhibit attached to a notice, motion, etc.

Any filing made in contravention of these directives will be deemed nonresponsive to this order and will be summarily ordered stricken. The failure to file an amended complaint as ordered, or to adequately allege a basis for subject matter jurisdiction in the amended complaint, may result in entry of a recommendation that this action be dismissed *sua sponte* for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II.    Disclosure Statement

Under the most recent amendment to Federal Rule of Civil Procedure 7.1, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: **(A)** when the action is filed in or removed to federal court, and **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a)." Fed. R. Civ. P.

---

(11th Cir. 2006) (citation and quotation omitted)). *See also, e.g.*, *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

7.1(a)(2). The Plaintiff did not file such a disclosure statement when she filed this action. The Plaintiff is **ORDERED** to do so, using this Court's current form (https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf), no later than **NOVEMBER 4, 2024**.

    **DONE** and **ORDERED** this the **28th** day of **October 2024**.

                                            */s/ Katherine P. Nelson*
                                            **KATHERINE P. NELSON**
                                            **UNITED STATES MAGISTRATE JUDGE**