IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**AMY HILL, as Personal Representative of the Estate of KIMBERLY MARIE GARCIA, deceased,**

             CIVIL ACTION NO. 1:24-cv-00080-TFM-C

  Plaintiff,

v.

**GULF COAST BUILDING PRODUCTS, INC.; ANTON HERBST,**

  Defendants.

---

**JOHN GARCIA, AS NEXT FRIEND AND FATHER OF C.M.G., A MINOR**

  Plaintiff,

             CIVIL ACTION NO.  1:24-cv-00395-JB-N

vs.

**GULF COAST BUILDING PRODUCTS, INC.; ANTON HERBST,**

  **Defendants.**

---

### DEFENDANTS' MOTION TO CONSOLIDATE AND STAY

---

  COME NOW the Defendants, Gulf Coast Building Products Inc. and Anton Herbst, and pursuant to Fed. R. Civ. P. 42(a) move to consolidate this action with No. 1:24-cv-00395-JB-N, for both discovery and trial, and to stay the proceedings to allow the course of discovery to synchronize in both cases.

# I
# INTRODUCTION

These matters concern a motor vehicle accident that occurred on December 12, 2023, in Mobile, Alabama. [Doc. 1]. The accident involved a collision between the Toyota Corolla driven by Kimberly Garcia and a commercial vehicle owned by Defendant Gulf Coast Building Products, Inc. ("Gulf Coast") and driven by Defendant employee Anton Herbst. [Doc. 1]. The child of Ms. Garcia, minor C.M.G., was an occupant inside Ms. Garcia's Toyota Corolla at the time of the accident. [Ex. 1, Complaint of John Garcia, next friend and father of minor C.M.G]. The crash resulted in the death of Ms. Garcia and alleged bodily injuries to C.M.G. [Ex. 1].

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions; consolidate the actions; or issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P 42(a). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985). The Eleventh Circuit has urged district courts "to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Eghnayem v. Boston Sci. Corp., 873 F.3d 1304, 1314 (11th Cir. 2017) (quoting Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995)).

# II
# THE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT

Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact." Fed. R. Civ. P 42(a). Common questions of law and fact abound in the Amy Hill case and that filed on 10/24/2024 by John Garcia, as next friend and father of

minor C.M.G. First, both cases allege that employee Anton Herbst, while working within the line and scope of his employment as an agent of Gulf Coast, negligently failed to operate his vehicle in a safe manner [Doc. 1, Ex. 1]. Further, both Plaintiffs allege negligent hiring, negligent training, negligent supervision, and negligent entrustment against Gulf Coast. Id. Second, both causes of action arise from the same factual occurrence; namely, the collision between the vehicles driven by Kimberly Garcia and Anton Herbst in Mobile, Alabama on December 12, 2023. In addition, both cases identify only Gulf Coast Building Products, Inc. and Anton Herbst as Defendants. Id. Furthermore, both cases seek similar relief from this Court; specifically, money damages to include punitive damages for bodily injuries sustained as a result of the crash. Id. Both cases also are filed in the United States District Court for the Southern District of Alabama. This case is therefore particularly suited for consolidation.

### III
### A COURT HAS BROAD DISCRETION IN ORDERNIG CONSOLIDATION

"A district court's decision under Rule 42(a) is purely discretionary." Hendrix, 77 F.2d at 1495. A decision to consolidate actions does not require the consent of all parties. See In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972, 549 F.2d 1006, 1013 (5th Cir. 1977). In exercising its discretion on whether to consolidate, a court considers the following factors:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix, 776 F.2d at 1495 (quotation omitted and alterations incorporated). "A joint trial is appropriate when there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." Allstate Ins. Co. v. Vizcay, 826 F.3d 1326, 1333

(11th Cir. 2016) (quotation omitted and alteration adopted). These factors overwhelmingly favor consolidation of the two cases here.

First, there is "substantial overlap" in the facts, evidence, and witnesses required to decide each case. The Defendants will rely on at least two of the same experts (a reconstructionist and a pulmonologist) and put forth similar evidence (data derived from the involved vehicles and medical records/testimony supporting a sudden loss of consciousness) to defend against Plaintiffs' many claims of negligence. Further, at a minimum Defendants anticipate witness testimony from driver Anton Herbst, Gulf Coast owner Ray Mayer, Gulf Coast Operations Manager Stephen Mayer, Gulf Coast Supervisor Randy Roughton, eyewitness Tchernavia Johnson, eyewitness Jewel Sells, eyewitness Teresa Sells, eyewitness David Brown, and investigating State Troopers L. Jackson and C. Hunter. The facts and evidence related to the crash are common to each case, and there is no reason for all this evidence to be heard twice in two separate cases, thereby wasting the resources of this Court and the parties. Further, consolidation eliminates the need for duplicative discovery and repeat depositions taken from the same individuals. Consolidation offers efficiency and convenience by saving time and avoiding unnecessary costs.

Second, consolidation does little to increase the risk of prejudice and confusion while eliminating the risk of inconsistent adjudications. It is difficult to imagine how any party will be prejudiced by the consolidation of two cases stemming from the same motor vehicle accident involving identical facts and similar claims. Further, with a relatively simple two-vehicle crash involving two drivers, there is little risk of confusion among jurors that can result from merging the suit of an additional occupant of one of the vehicles. In fact, hearing additional evidence of a second involved Plaintiff, and Defendants' evidence against his claims, promotes clarity, if only through reinforcement of the facts and issues in the minds of the jurors. Apart from the possibility

of inconsistent final judgments, consolidation eliminates the risk of other inconsistent adjudications, such as rulings related to discovery. For example, if one court sustained a privilege objection while another overruled the same objection, the disclosure required by the second court's ruling would undermine the ruling of the first court. Consolidation will prevent this sort of inconsistent result. Thus, the risk of inconsistent adjudications of common factual and legal issues outweighs the slight risk of prejudice and possible confusion, thereby favoring consolidation.

## IV
## THE PROCEEDINGS SHOULD BE STAYED TO SYNCHRONIZE DISCOVERY

The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Maiben v. CSX Transp., Inc., 2009 U.S. Dist. LEXIS 37875, *1 (S.D. Ala. May 1, 2009) (quoting Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." Maiben, 2009 U.S. Dist. LEXIS 37875 at *2 (quoting Feld Entertainment, Inc. v. A.S.P.C.A., 523 F. Supp.2d 1, 3 (D.D.C. 2007)).

Discovery in the Amy Hill matter should be stayed for a brief period, to allow the consolidated case filed by John Garcia, as next friend and father of C.M.G., to catch up on discovery. Depositions in the Amy Hill matter are scheduled to begin next week, on 11/6//2024, beginning with Gulf Coast owner Ray Mayer. [Doc. 42-4]. Time and cost savings can be realized by allowing Plaintiff John Garcia to participate in these depositions. Otherwise, at a minimum, the

depositions of Ray Mayer (individually and as corporate representative for Gulf Coast), Stephen Mayer, Defendant Anton Herbst, and Randy Roughton will likely need to be taken twice, resulting in unfairness and a wasteful duplication of effort and cost. Instead, a brief stay in the Amy Hill matter will allow Mr. Garcia to first complete written discovery, thereby synchronizing the course of both cases and allowing for depositions and all subsequent stages of the litigation to occur in lockstep.

Plaintiff Amy Hill served written discovery on the Defendants on 5/29/2024. [Doc. 20]. Those discovery responses of the Defendants were served on Amy Hill on 7/12/2024. [Doc. 29]. Further, Defendants Gulf Coast and Anton Herbst served written discovery on the Plaintiffs on 6/21/2024. [Doc. 28]. Those discovery responses of the Plaintiffs were served on Gulf Coast and Anton Herbst on 8/9/2024. [Doc. 40]. As such, the amount of time needed to complete written discovery in the Amy Hill matter took each side approximately six (6) weeks. Defendants therefore believe a three (3) month stay on the Hill case will be sufficient. This will allow one month for the parties to conduct their planning meeting and to propose a revised Scheduling Order as necessary. Further, this stay will allow Mr. Garcia two months to exchange written discovery with the Defendants, and thereby be in concert discovery-wise with the Amy Hill matter.

Defendants do not see any obvious injustices that could befall any party because of a three-month stay. Plaintiff Amy Hill filed suit on 3/14/2024. [Doc. 1]. Pre-suit evidence preservation and communications between the two sides began one day after the accident on December 13, 2023. [Ex. 2, Plaintiff's Preservation Request]. As such, the Amy Hill matter has been ongoing for nearly eleven (11) months. Civil litigation is time consuming. A brief three-month stay is a relatively short delay on realizing any justice that Plaintiff Amy Hill may perceive she is due.

6

Defendants believe the back-end time and cost efficiencies resulting from consolidation for both discovery and trial purposes will more than offset this delay.

**V**
**CONCLUSION**

For the foregoing reasons, Defendants Gulf Coast Building Products, Inc., and Anton Herbst respectfully urge that the Court grant this motion, and consolidate the Amy Hill case, for both discovery and trial, with *John Garcia, as next friend and father of C.M.G., a minor v. Gulf Coast Building Products, Inc. and Anton Herbst No. 1:24-cv-00395-JB-N*. Further, Defendants ask this Court to impose a three-month stay in the Hill case to allow Mr. Garcia to catch up on discovery so the efficiencies of consolidation may be realized.

    Respectfully submitted,

    */s/ Jeremy P. Taylor*
    JEREMY P. TAYLOR (TAY057)
    *Attorney for Defendants*
    *Gulf Coast Building Products, Inc. and*
    *Anton Herbst*

**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
Telephone:   (251) 626-9340
Facsimile:    (251) 626-8928
jptaylor@carrallison.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that I have on the 29th day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to all counsel of record or, alternatively, placed the same in the United States mail, properly addressed with first-class postage affixed thereto:

Robert L. Mitchell, Esq.
Cunningham Bounds, LLC
Post Office Box 66705
Mobile, Alabama 36660
RLM@cunninghambounds.com

Derek W. Simpson
Warren & Simpson, PC
105 North Side Square
Huntsville, Alabama 35801
derek@warrenandsimpson.com

                                            */s/ Jeremy P. Taylor*
                                            OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**AMY HILL, as Personal Representative of the Estate of KIMBERLY MARIE GARCIA, deceased,**

        CIVIL ACTION NO. 1:24-cv-00080-TFM-C

    Plaintiff,

v.

**GULF COAST BUILDING PRODUCTS, INC.; ANTON HERBST,**

    Defendants.

---

**JOHN GARCIA, AS NEXT FRIEND AND FATHER OF C.M.G., A MINOR**

    Plaintiff,

        CIVIL ACTION NO. 1:24-cv-00395-JB-N

vs.

**GULF COAST BUILDING PRODUCTS, INC.; ANTON HERBST,**

    Defendants.

---

**ORDER FOR CONSOLIDATION OF ACTIONS AND STAY OF PROCEEDINGS**

**THIS MATTER** having come before the Court on Defendants Gulf Coast Building Products, Inc. and Anton Herbst's Motion for Consolidation of AMY HILL, as Personal Representative of the Estate of KIMBERLY MARIE GARCIA v. GULF COAST BUILDING PRODUCTS, INC. & ANTON HERBST (No. 1:24-cv-00080-TFM-C) (S.D. Ala., filed March 14, 2024) with JOHN GARCIA, AS NEXT FRIEND AND FATHER OF C.M.G v. GULF COAST BUILDING PRODUCTS, INC. & ANTON HERBST (No. 1:24-cv-00395-JB-N) (S.D. Ala., filed October 24,

1

2024) requesting consolidation of these proceedings and a three-month stay on <u>AMY HILL, as Personal Representative of the Estate of KIMBERLY MARIE GARCIA v. GULF COAST BUILDING PRODUCTS, INC. & ANTON HERBST</u> (No. 1:24-cv-00080-TFM-C); and

**IT APPEARING THAT** consolidation is in the interests of efficiency and judicial economy;

**IT IS HEREBY ORDERED THAT**

<u>AMY HILL, as Personal Representative of the Estate of KIMBERLY MARIE GARCIA v. GULF COAST BUILDING PRODUCTS, INC. & ANTON HERBST</u> (No. 1:24-cv-00080-TFM-C) (S.D. Ala., filed March 14, 2024) and <u>JOHN GARCIA, AS NEXT FRIEND AND FATHER OF C.M.G v. GULF COAST BUILDING PRODUCTS, INC. & ANTON HERBST</u> (No. 1:24-cv-00395-JB-N) (S.D. Ala., filed October 24, 2024) shall be consolidated for both discovery and trial, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

**FURTHER**, <u>AMY HILL, as Personal Representative of the Estate of KIMBERLY MARIE GARCIA v. GULF COAST BUILDING PRODUCTS, INC. & ANTON HERBST</u> (No. 1:24-cv-00080-TFM-C) (S.D. Ala., filed March 14, 2024) shall be stayed for a period of three (3) months to allow the Parties to conduct their planning meeting and to propose a revised Scheduling Order as necessary, and to allow Plaintiff John Garcia to complete the exchange of written discovery with the Defendants.

_____
UNITED STATES DISTRICT JUDGE