IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **AMY HILL, as Personal Representative of the Estate of Kimberly Marie Garcia, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CIV. ACT. NO. 1:24-cv-80-TFM-C |
| **GULF COAST BUILDING PRODUCTS, INC.,** *et al.*, | ) ) ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **JOHN GARCIA, as next friend and father of C.M.G.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | CIV. ACT. NO. 1:24-cv-395-TFM-C |
| **GULF COAST BUILDING PRODUCTS, INC.,** *et al.*, | ) ) ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Defendants' Motion to Consolidate and Stay* (Civ. Act. No. 1:24-cv-80, Doc. 81, filed 10/29/24; Civ. Act. No. 1:24-cv-395, Doc. 7, filed 10/30/24). For good cause, it is **ORDERED** that the motions to consolidate for the purposes of pretrial and trial are **GRANTED**.

**I.    DISCUSSION AND ANALYSIS**

The Federal Rules of Civil Procedure state: "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the

actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Fed. R. Civ. P. 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). However, as noted by the plain language in the use of the word "may," the Court's decision under Fed. R. Civ. P. 42(a) is purely discretionary. *See also Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495) (emphasizing decision is "purely discretionary."). In exercising that discretion, the Court must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id*. Finally, the Court may decide to consolidate for pretrial, trial, or both.

Turning to the situation at hand, the Court finds that the majority of the above factors are met in favor of consolidation. Additionally, after conferring, neither Plaintiff's counsel objects to consolidation for all purposes. *See* Civ. Act. No. 1:24-cv-80, Doc. 83; Civ. Act. No. 1:24-cv-395, Doc. 11. While initially there was some dispute over whether to stay proceedings or discovery in the *Hill* case, at the telephone conference on November 1, 2024, the parties had reached a resolution on delaying the depositions to December 2024. Therefore, the Court finds that consolidation for both pretrial and trial is appropriate. However, there is no need for a formal stay based on the parties' agreement to delay the depositions and the remainder can be addressed

through a new scheduling order.

## II.    CONCLUSION

For the reasons articulated above, it is **ORDERED** that the motions to consolidate (Civ. Act. No. 1:24-cv-80, Doc. 81; Civ. Act. No. 1:24-cv-395, Doc. 7) are **GRANTED**. The cases are consolidated with the first filed case (1:24-cv-80-TFM-C) being designated the lead case. The parties are also **DIRECTED** to utilize the new consolidated header listed on this order and all filings shall occur in the lead case. The request to stay is **DENIED as moot**.

The entry of a new scheduling order is **REFERRED** to the Magistrate Judge.

**DONE** and **ORDERED** this 1st day of November, 2024.

> /s/ Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE